NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE I.A.M. DISTRICT NO. 15 HEALTH FUND & TRUSTEES OF LODGE 447 FRINGE BENEFIT TRUST FUND,<br><br>     Plaintiffs,<br><br> v.<br><br>OPERANT MATERIAL SOLUTIONS OF NEW YORK NEW JERSEY LLC, OPERANT MATERIAL SOLUTIONS, INC., OPERANT MATERIAL SOLUTIONS OF ATLANTA, LLC, JEFFREY DALE WELSH & CAROLYN B. DIXON,<br><br>     Defendants. | Hon. Harold A. Ackerman<br><br>Civil Action No. 07-4262 (HAA)<br><br>**OPINION AND ORDER** |

Joseph S. Hubicki, Esq.
MENAGH & FALCONE, PC
386 Park Avenue South
New York, New York 10016
*Attorneys for Plaintiffs*

Michele C. Lefkowitz, Esq.
WILENTZ GOLDMAN & SPITZER
90 Woodbridge Center Drive
P.O. Box 10
Woodbridge, New Jersey 07095
*Attorneys for Defendants*

**ACKERMAN**, **Senior District Judge:**

  This matter comes before the Court on Defendant Carolyn B. Dixon's motion (Doc. No.

24), pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss certain claims raised against

her in the Amended Complaint of Plaintiffs, the Trustees of the I.A.M. District No. 15 Health Fund and Trustees of Lodge 447 Fringe Benefit Trust Fund ("Plaintiffs"). For the following reasons, the Court will dismiss Counts I and II as to Dixon and deny her motion with regard to Count V.

    I.    BACKGROUND

Plaintiffs are fiduciaries of two ERISA-governed employee benefits funds. In their Amended Complaint, Plaintiffs allege, inter alia, that Defendant Operant Material Solutions of New York and New Jersey, LLC ("Operant NY/NJ") failed to make contributions and forward employees' payroll deductions to the funds in violation of a collective bargaining agreement with the employees' union. Plaintiffs name as co-Defendants Operant Material Solutions LLC, Operant Material Solutions, Inc., and Operant Material Solutions of Atlanta, all of which appear to be affiliated corporations based out of Georgia. Plaintiffs also join and raise separate causes of action against Jeffrey Welsh and Carolyn Dixon, whom Plaintiffs allege were the managers, officers, and employees of the Defendant corporations tasked with the authority and responsibility for forwarding payroll deductions to the benefits funds.

Plaintiffs' Amended Complaint states seven causes of action under ERISA against different combinations of Defendants. The present motion concerns the inclusion of Dixon as a co-Defendant in Counts I, II, and V, which respectively assert two violations of § 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1145, as well as one breach of fiduciary duty claim. The Court has jurisdiction pursuant to 29 U.S.C. § 1132(f).

    II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint, or a

count therein, for failure to state a claim upon which relief may be granted. In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court "must accept as true all well-pleaded allegations of the complaint [ ] and construe them liberally in the light most favorable to the plaintiffs." *Labov v. Lalley*, 809 F.2d 220, 221 (3d Cir. 1987). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 127 S.Ct. at 1965, 1974. A court need not accept "unsupported conclusions and unwarranted inferences," *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness," *Wyeth v. Ranbaxy Labs., Ltd.*, 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing *Papasan v. Attain*, 478 U.S. 265, 286 (1986)).

### III.   DISCUSSION

In the instant matter, the nature of Plaintiffs' first two ERISA claims (Counts I and II) imposes a higher burden of pleading when applied to individual defendants. As Dixon correctly points out, ERISA § 515, as a matter of law, generally does not provide for individual liability for a corporate employer's failure to make contributions to employee benefits plans. *See, e.g.*, *Plumbers' Pension Fund, Local 130 v. Niedrich*, 891 F.2d 1297, 1299–1300 (7th Cir. 1989).

Section 515 expressly applies to "[e]very *employer* who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement." 29 U.S.C. § 1145 (emphasis added). The Third Circuit has read this language to require a sufficient allegation of alter ego status (i.e., grounds for piercing the corporate veil) as a prerequisite to bringing a § 515 claim against an individual officer of a corporate employer. *Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1109–10 (3d Cir. 1996) (dismissing § 515 claim seeking individual liability of corporate president); *Solomon v. Klein*, 770 F.2d 352, 353–54 (3d Cir. 1985). Therefore, for a claim of individual liability under ERISA § 515 to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must allege either that the Defendant herself qualified as an employer under ERISA, or that the corporation was the alter ego of the individual defendant.

Here, presuming all of Plaintiffs' allegations to be true, the Amended Complaint contains neither basis for individual liability. Although the Amended Complaint alleges that Dixon was a "member," "officer," "manager," and "employee" of the co-Defendant employers, (Am. Compl. at ¶¶ 23–26, 31–34, 39–42, 47–50,) there is no indication that she was an employer for purposes of ERISA, nor is there any suggestion that there was an abuse of the privilege of incorporation such that any of the defendant corporations were her alter ego.[1] Thus, Counts I and II of the Amended Complaint fail to state a claim for individual liability against this Defendant. Dixon

---

[1]Apparently conceding defeat on this point, Plaintiffs declined to address both the controlling legal standard for § 515 and the inadequacy of their factual allegations for individual liability.

will be dismissed as a co-Defendant from these Counts.[2]

However, the Court will deny Dixon's motion to dismiss the breach of fiduciary duty claim raised in Count V because the Amended Complaint sets forth adequate factual allegations to support the claim.  Defendant primarily takes issue with two aspects of Count V: (1) Plaintiffs' failure to include the claim in their statement of jurisdiction (which states that the Court has jurisdiction over the first *four* claims), and (2) Plaintiffs' omission of the substantive legal basis for the breach of fiduciary duty claim.  These objections address the federal pleading requirements, found in Federal Rule of Civil Procedure 8(a)(1) and (a)(2), that a complaint set forth "a short and plain statement" of the jurisdiction of the court and the grounds for relief.  However, Defendant's myopic focus on the form of the pleading overstates the liberal pleading requirements of the Federal Rules.

Fundamentally, Rule 8 requires that the pleading provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 127 S. Ct. at 1969.  Meanwhile, Rule 8(e) directs district courts to construe pleadings "so as to do justice," which courts have understood to discourage the practice of dismissing a case for minor technical defects in the pleadings.  *See, e.g.*, *Conley,* 355 U.S. at 48 ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.") (citation omitted); *Davis by Davis v. Phila. Hous. Auth.*, 121 F.3d 92, 96 n.6 (3d Cir. 1997) (rejecting defendant's

---

[2] It would appear that, based on the same reasoning, Plaintiffs would also fail to state a claim against co-Defendant Jeffrey Welsh.  Yet, because Mr. Welsh has not moved the Court to consider this matter, the Court cannot take any action at this time.

standing argument that plaintiff failed to allege injury where the "clear intent" of the complaint was to seek monetary damages); 2 Moore's Federal Practice—Civil § 8.10; 5 Wright & Miller, Federal Practice and Procedure § 1215.  Instead, the preferred procedure is to grant leave for the party to amend its complaint, unless there is some showing of bad faith on the part of the party that filed the flawed pleading.  *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2) (providing that courts should "freely" grant leave to amend "when justice so requires.")).

      Turning to Defendant's jurisdiction argument, although Dixon is correct that Rule 8 requires a complaint to set forth "a short and plain statement of the grounds for the court's jurisdiction," the Rule excuses this requirement when "the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1).  Here, it is evident that the omission of the specific jurisdictional grounds for this particular claim—if it may properly be deemed an omission—was the result of a simple scrivener's error.  Nevertheless, the Complaint amply demonstrates the Court's jurisdiction to hear the first four ERISA claims; thus, under Rule 8(a)(1), an additional claim within the scope of the Court's ERISA jurisdiction would not need an additional statement of jurisdiction.  Here, §§ 409(a) and 502(a)(2) of ERISA, 29 U.S.C. §§ 1109(a), 1132(a)(2), expressly permit suits for the breach of fiduciary duty alleged in Count V.  No further jurisdictional support is required.

      The real question is whether or not Count V gave Dixon fair notice of the nature and basis of the claim brought against her.  Although this claim did not include magic words declaring that the breach of fiduciary duty claim was brought under §§ 409 and 502 of ERISA, it clearly revealed its ERISA heritage by incorporating by reference the previous ERISA claims

(including the jurisdictional statement) and invoking the ERISA provision defining "fiduciary." In this context, Count V plainly spells out a breach of fiduciary duty claim brought under the auspices of ERISA. It cannot be gainsaid that Count V failed to provide fair notice to Dixon of the claim brought against her.

Turning to the substance of Count V, the Amended Complaint alleges sufficient facts to state a proper ERISA claim for breach of fiduciary duty. A person qualifies as a fiduciary under ERISA if she "exercises any discretionary authority or discretionary control respecting management of [an ERISA-governed benefits plan] or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i). Thus, the key element of fiduciary status under ERISA is discretionary authority or control over ERISA plan management or assets. *Srein v. Frankford Trust Co.*, 323 F.3d 214, 220 (3d Cir. 2003) (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993)). Section 404 of ERISA, 29 U.S.C. § 1104, prohibits the misappropriation of ERISA plan assets by requiring that a fiduciary act with the care of a prudent person in similar circumstances. 29 U.S.C. § 1104(a)(1)(B); *see also Wolk v. Unum Life Ins. of Am.*, 186 F.3d 352, 357–58 (3d Cir. 1999); *Canale v. Yegen*, 789 F. Supp. 147, 153–54 & n.4 (D.N.J. 1992). Thus, Plaintiffs must allege facts suggesting, beyond a speculative level, that Dixon is a fiduciary of ERISA benefits plans and that she breached her fiduciary duty.

The Complaint specifically alleges that Dixon (1) had "ownership, management, supervision, operation, and/or control" over the accounts of Defendant corporation Operant NY/NJ; (2) that she "made or authorized payroll deductions from the paychecks of employees for [two ERISA-governed employee benefits plans];" (3) that she had a continuing "obligat[ion] to

7

forward deductions from [employee] paychecks to the [plans];" and (4) that she "failed to forward payroll deductions to the [plans]." (Am. Compl. at ¶¶ 61, 74–76, 85–87.) These allegations go beyond conclusory statements of law and formulaic recitals of the elements of a claim. Indeed, the Complaint adequately sets forth a fact pattern of Dixon's authority to administer ERISA plan assets and the wrongful exercise of that discretion that, if proven, would establish Defendant's fiduciary status and breach of fiduciary duty. *Twombly* demands nothing more of the Complaint. The Court will deny Dixon's motion with regard to the fifth cause of action.[3]

## IV. CONCLUSION & ORDER

For the foregoing reasons, it is hereby ORDERED that Dixon's motion (Doc. No. 24) to dismiss is GRANTED IN PART and DENIED IN PART. Counts I and II of Plaintiffs' Amended Complaint (Doc. No. 15) will be DISMISSED with prejudice as to only Defendant Dixon. Count V survives against all Defendants.


October 14, 2008
Newark, New Jersey

/s/ Harold A. Ackerman
U.S.D.J.

---

[3] Although the Court denies Dixon's motion in part, the Court recognizes that the Amended Complaint, as presently constituted, may continue to cause confusion among the multiple parties. Accordingly, the Court grants leave pursuant to Rule 15(a)(2) for Plaintiffs to amend their Amended Complaint so as to alleviate this confusion. If Plaintiffs' choose to correct the error in the jurisdictional statement and clarify the substantive legal grounds for Count V, they may do so.